**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 200
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendants
*Michael Coberg*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-00767-PA |
| Plaintiff, | |
| v. | **DEFENDANTS' SENTENCING MEMORANDUM; EXHIBITS IN SUPPORT** |
| MICHAEL COBERG, | |
| Defendant. | DATE: March 16, 2026 |
| | TIME: 8:30 a.m. |
| | Courtroom of the |
| | Honorable Percy Anderson |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................1

THE PRESENTENCE REPORT .....................................................................1

18 U.S.C. § 3553 ANALYSIS.........................................................................2

    I.     Nature and Circumstances of the Crime........................................2

    II.    Personal History and Characteristics .............................................2

    III.   Post-Offense Rehabilitation............................................................4

    IV.  Deterrence .......................................................................................5

    V.    Protecting the Public.......................................................................6

CONCLUSION................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Gall v. United States*,

552 U.S. 38 (2007)..........................................................................................2

*Kimbrough v. United States*,

522 U.S. 85 (2007)..........................................................................................2

*Pepper v. United States*,

562 U.S. 476 (2011)........................................................................................4

*Tapia v. United States*,

564 U.S. 319 (2011)........................................................................................2

*United State v. Cole*,

622 F. Supp. 2d 632 (N.D. Ohio 2008) .........................................................6

*United States v. Bryson*,

229 F.3d 425 (2nd Cir. 2000) .........................................................................4

*United States v. Rodriquez*,

527 F.3d 221 (1st Cir. 2008)..........................................................................2

**Statutes**

18 U.S.C. § 3553.................................................................................passim

**Other Authorities**

U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL

HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES,

(2004)..........................................................................................................6, 7

## INTRODUCTION

Appearing before this Court is a 44-year-old man who for a brief period of time, lost his way. Looking at Mr. Coberg's life in its totality, it is surprising that he was able to overcome his upbringing. Mr. Coberg's childhood was riddled with alcoholism, divorce, physical and sexual violence as well as abandonment. The fact that he overcame his childhood to become a decorated law enforcement officer, including receiving the medal of valor while serving as a deputy with the Los Angeles County Sherriff's Office, is extraordinary.

What happened to Mr. Coberg and the crimes that he committed must be attributed to greed and short sightedness, which he fully recognizes now and is remorseful and repentant. Mr. Coberg accepted responsibility at the earliest opportunity, waved grand jury indictment, and entered his guilty plea to a felony information.

Attached hereto are letters from those who know Mr. Coberg best. They describe a man of faith who is dedicated to his family and prepared to face the consequences of his actions. Given Mr. Coberg's personal history and characteristics, while recognizing the seriousness of this offense, a sentence of 24 months would promote justice, reflect the seriousness of the offense, and serve as general deterrence.

## THE PRESENTENCE REPORT

Mr. Coberg does not object to the Presentence Report ("PSR") as it details his upbringing, his connections to his family, and his deteriorating physical condition. Counsel for Mr. Coberg objects to the recommended advisory United States Sentencing Guidelines as follows: (1) the 6-level upward adjustment under USSG § 2B3.2(b)(3)(ii), as detailed in paragraphs 48 and 49 of the PSR. A 5-level upward adjustment is more appropriate as Mr. Coberg admitted in his factual basis to possessing a firearm at the time he was with victim L.A. He was not present with his co-participant in the shooting range when the extortion and the conduct occurred that is set forth in paragraph 49. Counsel takes the position that this conduct by his co-

1

participant was not within the scope of the jointly undertaken activity that was reasonably foreseeable to Mr. Coberg. USSG § 1B1.3(a)(1)(B).

If this Court sustains this objection, Mr. Coberg's total offense level is reduced to level 26, Criminal History I, which renders an advisory sentencing guideline range of 63 to 78 months.

**18 U.S.C. § 3553 ANALYSIS**

18 U.S.C. § 3553(a) requires that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 522 U.S. 85, 90 (2007). The sentencing factors, which must be analyzed against the parsimony clause of 18 U.S.C. § 3553(a) represent the major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011). While the Guideline sentencing Range is a "starting point and initial benchmark," the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the court to apply pursuant to Section 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). Instead, in reaching a decision on what constitutes an appropriate sentence, the district court should "consider all relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis supplied.)

As set forth herein, a sentence of 24 months in prison is sufficient but not "greater than necessary" to promote the factors of sentencing in 18 U.S.C. § 3553(a).

**I.    Nature and Circumstances of the Crime**

Mr. Coberg concurs with the offense conduct section of the PSR which outlines the nature and circumstances of the offense and is consistent with the factual basis in his plea agreement.

**II.    Personal History and Characteristics**

Mr. Coberg's life story is one marked by childhood adversity, professional dedication to public service, and devotion to his wife, children, and faith. While Mr.

2

Coberg has accepted responsibility for his serious conduct, the totality of his personal history and characteristics provide important context for the Court's consideration.

Mr. Coberg was born in 1981 in Arcadia, California. His early years were shaped by instability and exposure to circumstances that no child should be expected to face. When he was very young—around 7 or 8 years old—his parents divorced due to his father's alcoholism. Mr. Coberg and his twin sister remained with their father. Although his father ensured basic needs were met, alcohol abuse dominated the household environment. As a child, Mr. Coberg frequently accompanied his father to local bars, waiting late into the evening while his father drank. During this time, he was exposed to inappropriate adult environments and situations. When he was 12-years old, an adult female at one of the bars his father frequented attempted to take him into a restroom for sexual purposes.

After his father remarried, Mr. Coberg experienced additional trauma. Beginning around the age of 12 and continuing for several years, Mr. Coberg's stepmother—while intoxicated or under the influence of drugs—made repeated sexual advances toward him and exposed herself inappropriately. His father was never made aware of these incidents. For a period of time during junior high school, Mr. Coberg lived with his mother and stepfather. During that time, he was subjected to severe physical abuse from his stepfather. He was repeatedly punched, choked, and physically assaulted, including an incident where he was knocked to the ground in a public restaurant on his twelfth birthday.

Despite his experiences with his father's alcoholism, sexual victimization, and physical abuse, Mr. Coberg never ran afoul of the law. He attended school consistently, completed his assignments independently, and participated in sports. His ability to persevere through such adversity is remarkable and a true testament to his character.

After graduating from high school, Mr. Coberg began his professional commitment to public service and obtained his Emergency Medical Technician certification. In 2004, he began his career with the Los Angeles County Sheriff's

3

Department. He served in the Department for over twenty years, retiring in 2025 as a helicopter pilot assigned to the Aero Bureau. Over the course of his career, Mr. Coberg received numerous commendations from unit commanders, division chiefs, undersheriffs, and members of the public. Most importantly, he was awarded the Medal of Valor. For more than two decades, Mr. Coberg dedicated himself to law enforcement and public safety. His current offenses represent a profound departure from the oath he once upheld. He acknowledges that breach of trust and the seriousness of his misconduct.

Mr. Coberg married his wife, Bonnie, in 2007. Together they have three children. Throughout their marriage, Bonnie has been a stay-at-home mother and Mr. Coberg has served as the sole financial provider for the family. Mr. Coberg is also actively engaged in his children's daily lives. Faith plays a central role in Mr. Coberg's life and in the life of his family. During the pendency of this case, he has leaned heavily on his Christian faith community for accountability, humility, and spiritual guidance. He has expressed deep remorse for his conduct and fully accepts responsibility for his actions.

Mr. Coberg stands before this Court as a first-time offender, a retired public servant, and a husband and father of three children. His life reflects both grave error and resilience. He does not seek to excuse his conduct. Rather he respectfully asks that this Court consider the entirety of his personal history in fashioning a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

### III.   Post-Offense Rehabilitation

"[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *Pepper v. United States*, 562 U.S. 476, 492 (2011); *quoting United States v. Bryson*, 229 F.3d 425, 426 (2nd Cir. 2000).  The proposed amendment to the 2026 Guidelines, attached hereto as Exhibit A, if passed, reflects the efficacy of pre-sentence efforts at rehabilitation in lessening recidivism and underscoring the lack of need for a long prison sentence to provide protection to the public from future dangerousness of the 'rehabilitated' defendant. In the synopsis of the

proposed amendment, the Commission notes that it has "received commend suggesting that the guidelines do not sufficiently incentivize or reward positive post-offense conduct and rehabilitative efforts taken by defendants prior to sentencing."

Thus, here, a critical factor for this Court to consider is Mr. Coberg's post-offense rehabilitation. The *Pepper* Court noted the ways in which continued rehabilitation informs all other sentencing factors, "in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training ... or other correctional treatment in the most effective manner.'" *Id*. at 491; *citing* 18 U.S.C. 3553 §§ (a)(2)(B)-(D). Finally, and "most fundamentally[,]" evidence of a defendant's most recent conduct provides the most up-to-date picture of the defendant's "history and characteristics." *Id*. at 491; *citing* 18 U.S.C. § 3553(a)(1). As Mr. Coberg stands before this Court today, he is not the same person he was when he committed the crimes for which he has taken responsibility.

Given Mr. Coberg's extraordinary efforts to rebuild his life and his continued post-offense rehabilitation, there is no reason to incarcerate him for a long sentence. It is in society's interest as well as within the mandate of 18 U.S.C. § 3553 to impose a sentence significantly lower than the advisory guideline range.

As set forth in the letter attached hereto, it is clear that Mr. Coberg has rededicated himself to doing the right thing. By accepting full responsibility at the earliest stage, and by rededicating himself to his family and to his faith, he is doing his best to rehabilitate himself.

## IV.    **Deterrence**

18 U.S.C. § 3553(a)(2)(B) requires that the Court consider the need for the sentence imposed to afford adequate deterrence to criminal conduct. While this Court must consider both general and individual deterrence, two very important examinations of the concepts must be considered. First, the anecdotal notion that longer sentences have a greater general deterrent effect is belied by empirical and academic findings.

The United States Sentencing Commission has found that "[t]here is no correlation between recidivism and Guidelines' offense level. Whether an offender has a low or high Guideline offense level, recidivism rates are similar. While surprising at first glance, this finding should be expected. The Guidelines' offense level is not intended or designed to predict recidivism." *See* U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, at 15 (2004). To sentence Mr. Coberg to a long term of incarceration in a Bureau of Prisons Facility is unnecessary and unjust given the mandate 3553(a)(2)(B) and the alternatives to that type of incarceration available to this Court.

The second, and more relevant consideration deals with the ethical tension between general and individual deterrence. It is not right, given the individualized nature of sentencing, to imprison Mr. Coberg to a long term of incarceration in a B.O.P. facility to set an example for others. As the district court stated in *United State v. Cole*, 622 F. Supp. 2d 632 (N.D. Ohio 2008), "[g]eneral deterrence uses a utilitarian calculation, subjecting defendants to longer periods of incarceration than retribution requires to 'send a message' to other potential offenders. Inherent in this general deterrence calculation is a tension between individual dignity and societal good, begging the question: Is it ethical to impose a greater-than necessary punishment upon an individual criminal defendant to protect society at large?" To make an example out of Mr. Coberg, based upon a misguided notion that others would not commit similar crimes if he were sentenced to a term of imprisonment is contrary to the individualized sentencing requirements resurrected post-*Booker* and calls into question the ethics of this type of sentencing as identified by the district court in *Cole*.

## V.    <u>Protecting the Public</u>

Mr. Coberg is 44 years old. In a study on recidivism rates, the Sentencing Commission's found that "recidivism rates decline relatively consistently as age increases [and defendants] over the age of 40 … exhibit markedly lower rates of

recidivism in comparison to younger defendants." See U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES (May 2004). Given his non-existent criminal history, his age, and his obvious physical debilitation, as detailed in paragraphs 100 to 107 of the PSR, as well as his rededication to his faith and family, it is entirely unnecessary to incarcerate him for a prolonged period of time to protect the public.

**CONCLUSION**

For the reasons set forth above, as well as those set forth in the record of this case, counsel for Mr. Coberg respectfully requests that this Court impose a sentence of 24-months imprisonment.

Respectfully submitted,

DATED: February 22, 2026          By  */s/ Edward M. Robinson*

Edward M. Robinson
Attorney for Defendant
*Michael Coberg*

7