# EXHIBIT A

**PROPOSED AMENDMENT:        POST-OFFENSE REHABILITATION ADJUSTMENT**

**Synopsis of Proposed Amendment:** In August 2025, the Commission identified as one of its policy priorities for the amendment cycle ending May 1, 2026, "[e]xamination of whether the guidelines provide appropriate adjustments for good behavior . . . and possible consideration of amendments that might be appropriate." U.S. Sent'g Comm'n, "Notice of Final Priorities," 90 FR 39263 (Aug. 14, 2025).

The Commission has received comment suggesting that the guidelines do not sufficiently incentivize or reward positive post-offense conduct and rehabilitative efforts taken by defendants prior to sentencing. While §3E1.1 (Acceptance of Responsibility) accounts for some types of positive post-offense conduct when the court considers a reduction for acceptance of responsibility, and §5K1.1 (Substantial Assistance to Authorities) accounts for the defendant's cooperation with authorities, commenters have recommended that the Commission consider positive post-offense conduct going beyond that covered by both guidelines.

In response to these suggestions, the proposed amendment would add a new Chapter Three adjustment at §3E1.2 (Post-Offense Rehabilitation) providing a reduction if the defendant demonstrates positive post-offense behavior or rehabilitative efforts. The proposed amendment sets forth two options for the adjustment.

**Option 1** provides in subsection (a) for a reduction when the defendant demonstrates prior to sentencing positive post-offense behavior or rehabilitative efforts. Subsection (b) instructs the court that, in determining whether a defendant qualifies for the reduction, it shall consider the actions and efforts [voluntarily initiated][undertaken] by the defendant for the benefit of the defendant's own rehabilitation, victim(s) of the offense, community, or other people. It then provides a non-exhaustive list of factors for the court to consider in making this determination. Subsection (c) provides for an additional reduction if the defendant qualifies for a decrease under subsection (a) and the positive post-offense behavior or rehabilitative efforts were undertaken before the criminal investigation or prosecution for the offense.

**Option 2** provides in subsection (a) for a reduction if the defendant demonstrates a sustained commitment to positive behavioral change evidenced by post-offense behavior or rehabilitative efforts that go beyond the typical actions undertaken by defendants prior to sentencing. Subsection (b) instructs the court that, in determining whether a defendant qualifies for the reduction, it shall consider the actions and efforts [voluntarily initiated][undertaken] by the defendant, and the timing of such actions and efforts, for the benefit of the defendant's own rehabilitation, victim(s) of the offense, community, or other people. It then provides some broad examples of the types of efforts the court should consider for the adjustment, instead of a list of considerations like the one provided in Option 1.

**Proposed Amendment:**

# PART E — ACCEPTANCE OF RESPONSIBILITY AND POST-OFFENSE REHABILITATION

## §3E1.1.   Acceptance of Responsibility

*     *     *

## §3E1.2.   Post-Offense Rehabilitation

**[Option 1 (Tiered Adjustments with Specific Considerations):**

(a)   If the defendant demonstrates prior to sentencing positive post-offense behavior or rehabilitative efforts, decrease the offense level by **[1][2][3]** levels.

(b)   In determining whether a defendant qualifies for a reduction under subsection (a), the court shall consider the actions and efforts [voluntarily initiated][undertaken] by the defendant for the benefit of the defendant's own rehabilitation, victim(s) of the offense, community, or other people. Appropriate considerations include the following:

(1)   The defendant took appropriate steps to reduce or remedy the harm caused by the offense.

(2)   The defendant made [voluntary] payment of restitution or [voluntarily] entered into an installment payment schedule for making restitution to any victims of the offense(s).

(3)   The defendant completed or is successfully participating in a [voluntary] court rehabilitation program.

(4)   The defendant completed or is successfully participating in a treatment program to address the abuse of drugs, alcohol, or gambling.

(5)   The defendant completed or is successfully participating in counseling (*e.g.*, mental health or anger management).

(6)   The defendant completed or is successfully participating in a General Education Development (or similar) program, vocational training, or skills training.

(7)   The defendant maintained or obtained gainful employment.

2

(8)  The defendant provided [voluntary and] consistent financial support to family members or dependents.

(9)  The defendant performed volunteer or other civic, charitable, or public service in the community.

(10) The defendant assisted in preventing another person from engaging in unlawful conduct.

(11) The defendant assisted in promoting another person's rehabilitation (*e.g.*, identifying or getting into treatment a person addicted to or regularly abusing controlled substances).

(c)  If the defendant qualifies for a decrease under subsection (a) and the positive post-offense behavior or rehabilitative efforts were undertaken before the criminal investigation or prosecution for the offense, decrease the offense level by **[1][2]** additional **[level][levels].]**

**[Option 2 (Adjustment Based on Standard with Examples):**

(a)  If the defendant demonstrates a sustained commitment to positive behavioral change evidenced by post-offense behavior or rehabilitative efforts that go beyond the typical actions undertaken by defendants prior to sentencing, decrease the offense level by **[1][2][3][4]** levels.

(b)  In determining whether a defendant qualifies for a reduction under subsection (a), the court should consider the actions and efforts **[voluntarily initiated][undertaken]** by the defendant, and the timing of such actions and efforts, for the benefit of the defendant's own rehabilitation, victim(s) of the offense, community, or other people. In making such determination, the court may consider any rehabilitative efforts undertaken by the defendant, including personal and behavioral changes of the defendant, steps taken to reduce or remedy the harm caused by the offense, substance abuse rehabilitation, employment history, academic and vocational achievements, role model behavior, and community and family involvement.**]**

\*   \*   \*

## Issues for Comment

1.  The Commission has received comment suggesting that the guidelines do not sufficiently incentivize or reward positive post-offense conduct and rehabilitative efforts taken by defendants prior to sentencing. The Commission seeks comment on whether the proposed Chapter Three adjustment appropriately addresses these concerns. In determining whether to apply the proposed reduction, should the court consider a defendant's successful compliance with their pre-trial conditions of release,

if applicable, or institutional rules, if detained? For example, should defendants only be considered for the proposed reduction if they complied with all conditions of supervision prior to sentencing or all institutional rules if detained prior to sentencing? Are the considerations identified in Option 1 and the examples provided in Option 2 appropriate for courts to consider in determining whether a reduction under §3E1.2 is warranted? Should the Commission provide additional or different considerations or examples? If so, what should the Commission provide? Should any consideration(s) or example(s) be excluded from consideration? If so, which ones?

2. The Commission seeks comment on whether it should revise Option 2 of the proposed amendment to provide for a tiered reduction. For example, should Option 2 provide for a reduction based on a defendant's successful compliance with their pre-trial conditions of release, if applicable, or institutional rules, if detained? Should Option 2 then provide for an additional reduction based on post-offense behavior or rehabilitative efforts undertaken by the defendant that go beyond the typical actions undertaken by defendants prior to sentencing?

3. The Commission seeks comment on how the proposed reduction for post-offense rehabilitation should take into account the timing of the rehabilitative efforts undertaken by the defendant. When should such efforts occur to be considered under the proposed adjustment? Should such efforts be undertaken before the defendant is investigated or indicted? Should the court be allowed to consider efforts undertaken when the defendant is subject to an investigation by the authorities or is indicted for the offense? What changes should be made to the proposed amendment to address the timing of the defendant's efforts?

4. The proposed reduction accounts for rehabilitative efforts [voluntarily initiated] [undertaken] by the defendant. This bracketed "voluntariness" requirement could exclude rehabilitative efforts made pursuant to an order. Some defendants cannot afford to pay themselves for rehabilitation or treatment programs and may rely on court-funded programs to cover the costs of such programs. The Commission seeks comment on whether the proposed reduction should allow for the consideration of rehabilitative efforts made pursuant to an order. If so, what changes should be made to the proposed amendment to account for such efforts?

5. The proposed amendment sets forth a reduction applicable to defendants who demonstrate positive post-offense behavior or rehabilitative efforts prior to sentencing. Other guidelines, most notably §3E1.1 (Acceptance of Responsibility), also account for "post-offense rehabilitative efforts." *See* §3E1.1, comment. (n.1(G)). Post-offense rehabilitative efforts may also include providing substantial assistance to the authorities in the investigation or prosecution of other individuals or offenses, which is accounted for under §5K1.1 (Substantial Assistance to Authorities (Policy Statement)).

The Commission seeks comment on how the proposed Chapter Three adjustment for post-offense rehabilitation should interact with other guidelines, especially §3E1.1 and §5K1.1. Are there other guidelines that address similar concerns to those addressed by the proposed adjustment? What are those guidelines and how should the proposed adjustment interact with them? Should the Commission distinguish the types of rehabilitative efforts to be accounted for under the proposed adjustment from those

4

that could be considered under other guidelines? For example, should the proposed adjustment account for efforts relating to the defendant's own rehabilitation or for the benefit of the community or other people, while §3E1.1 accounts for rehabilitative efforts relating to the offense committed by the defendant? Should the Commission place a limitation on the extent of the reduction under the proposed adjustment if the defendant also received an adjustment under §3E1.1 and/or §5K1.1? If so, what should the limit be? Are there any other guideline reductions that the Commission should consider for purposes of limiting the extent of the reduction under the proposed adjustment?

6. The Commission is considering a separate proposed amendment that would add to §2B1.1 (Theft, Property Destruction, and Fraud) a new tiered reduction at subsection (b)(23) if the defendant took certain actions prior to the criminal investigation or prosecution for the offense. The Commission seeks comment on how the proposed Chapter Three adjustment for post-offense rehabilitation should interact with the proposed tiered reduction at §2B1.1(b)(23) set forth in the proposed amendment on economic crimes. Should the proposed Chapter Three adjustment for post-offense rehabilitation be cumulative with the proposed tiered reduction at §2B1.1(b)(23), or should the Commission limit the cumulative reduction of these provisions? Are there other provisions in the *Guidelines Manual* that would interact with the proposed Chapter Three adjustment for post-offense rehabilitation? If so, how should the Commission account for the interaction(s)?